IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,

        Plaintiff,                     No. CIV S-08-3069 LKK GGH P

   vs.

TODD, et al.,

        Defendants.         <u>ORDER</u>

        Plaintiff is a state prisoner proceeding pro se. He seeks relief pursuant to 42 U.S.C. § 1983 and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

        Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

        Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). Plaintiff has been without funds for six months and is currently without funds. Accordingly, the court will not assess an initial partial filing fee. 28 U.S.C. § 1915(b)(1). Plaintiff is obligated to make monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments shall be collected

1

and forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

\\\\\

1  The gravamen of this action is plaintiff's claim that defendants delayed in treating
2  his kidney disease. Plaintiff has stated a colorable claim for relief against defendants Hawkins,
3  Smith, Nale, Williams, Rad, Chin, Pappoe and Don.
4  The only specific claims against defendants Todd and Houser are that they
5  ignored plaintiff's physical symptoms. Plaintiff does not allege how his symptoms were
6  presented to these defendants. Because the claim against these defendants is vague and
7  conclusory, the court cannot determine whether plaintiff has stated a colorable claim.
8  Accordingly, the claims against defendants Todd and Houser are dismissed with leave to amend.
9  Plaintiff alleges that on May 16, 2007, he was rushed to defendant Doctor's
10 Hospital in Manteca due to complete renal failure. Plaintiff alleges that defendant Dr. Khan,
11 ordered blood work. Defendant Khan allegedly told plaintiff that the results of the test would
12 take some time and that depending on the results, a kidney biopsy would be needed. Plaintiff
13 alleges that these test results were ignored by defendant Doctor's Hospital because they failed to
14 follow up with the diagnostic prognosis by providing the test results to Mule Creek State Prison.
15 Plaintiff goes on to allege that on May 18, 2007, defendant Hawkins referred
16 plaintiff to the UC Davis Nephrology Department on a "routine" basis. Plaintiff alleges that
17 when he arrived at UC Davis for the consultation on July 27, 2007, it was determined that Mule
18 Creek State Prison failed to send plaintiff's medical records and the lab test results from Doctor's
19 Hospital. Based on these allegations, it is clear that the test results from defendant Doctor's
20 Hospital were forwarded to the prison. In addition, there is no claim by plaintiff that the alleged
21 failure by defendant Khan or defendant Doctor's Hospital to timely send the results to the prison
22 caused his delay in receiving the consultation. Rather, it was caused by defendant Dr. Hawkins
23 requesting the consultation on a "routine" basis. For these reasons, the court finds that plaintiff
24 has failed to state a colorable claim against defendant Dr. Khan.
25 With regard to defendant Doctor's Hospital, the court will assume at the pleading
26 level, that plaintiff has sufficiently alleged that defendant Doctor's Hospital acted under color of

state law in providing him with medical services.  See West v. Atkins, 487 U.S. 42, 54, 108 S.Ct. 2250 (1988).   However, plaintiff includes no specific allegations demonstrating how defendant Doctor's Hospital caused the alleged deprivations.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Because plaintiff has failed to link defendant Doctor's Hospital to the alleged deprivations, the claims against this defendant are dismissed with leave to amend.

Plaintiff alleges that he asked defendant Nurse Martinez for a copy of the prison policy explaining the prioritization of medical appointments.  Defendant Martinez allegedly told

plaintiff that she did not have access to this information and did not know where to find it. These allegations do not state a colorable claim against this defendant.

Also named as a defendant is the UC Davis Medical Center. The Eleventh Amendment bars suits brought by private parties against a state or state agency unless the state or the agency consents to such suit. See Quern v. Jordan, 440 U.S. 332, 99 S. Ct. 1139 (1979); Alabama v. Pugh, 438 U.S. 781, 98 S. Ct. 3057 (1978) ( per curiam); Jackson v. Hayakawa, 682 F.2d 1344, 1349-50 (9th Cir. 1982). Although the Eleventh Amendment is not jurisdictional, the court may raise the defect on its own. Wisconsin Department of Corrections v. Schacht, 524 U.S. 381, 389, 118 S. Ct. 2047, 2052 (1998); Edelman v. Jordan, 415 U.S. 651, 677-78, 94 S. Ct. 1347, 1362-1363 (1974). In the instant case, the UC Davis Medical Center has not consented to suit. Accordingly, plaintiff's claims against UC Davis Medical Center are dismissed. Plaintiff should not include claims against this defendant in an amended complaint.

If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions complained of have resulted in a deprivation of plaintiff's constitutional rights. See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980). Also, the complaint must allege in specific terms how each named defendant is involved. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, vague and conclusory allegations of official participation in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's request to proceed in forma pauperis is granted;

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. The fee shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. Plaintiff's claims against all defendants but for defendants Hawkins, Smith, Nale, Williams, Rad, Chin, Pappoe and Don are dismissed for the reasons discussed above, with leave to file an amended complaint within thirty days from the date of service of this Order. Failure to file an amended complaint will result in a recommendation that these defendants be dismissed from this action.

4. Upon filing an amended complaint or expiration of the time allowed therefor, the court will make further orders for service of process upon some or all of the defendants.

DATED: January 26, 2009

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

gor3069.b1