IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,

        Plaintiff,                  No. CIV S-08-3069 LKK GGH P

    vs.

TODD, et al.,

        Defendants.         <u>ORDER</u>

_____/

        Pending before the court is plaintiff's motion to stay discovery and for sanctions filed September 3, 2009. Also pending is plaintiff's September 21, 2009, motion for extension of time to conduct discovery. Defendants have not opposed these motions.

        In the motion to stay, plaintiff alleges that on August 24, 2009, counsel for defendants Chin, Pappoe, Stevenson, Burl, Don and Rad sent him a notice stating that counsel would be unavailable for discovery or other law and motion from September 1, 2009, through October 2, 2009. A copy of the notice is attached to plaintiff's motion. Plaintiff requests that discovery be stayed during the month of September based on counsel's unavailability. Plaintiff also requests that counsel be sanctioned if the undersigned finds the "notice of unavailability" to be improper.

/////

1              Neither the Federal Rules of Civil Procedure nor the Local Rules authorize a
2    notice of unavailability.  The undersigned suspects that defense counsel is aware of this as he
3    cited only state law in support of his notice.  The discovery cut-off and dispositive motion dates
4    will have to be extended based on this improper notice.
5              Pursuant to the May 28, 2009, scheduling order, the discovery cut-off date for all
6    defendants but for defendant Rad was September 18, 2009.  Pursuant to this order, any motions
7    to compel were to be filed by this date.  All requests for discovery were to be served not later
8    than sixty day prior to that date.  While, pursuant to the mailbox rule, plaintiff filed a motion to
9    compel on September 16, 2009, plaintiff is granted twenty-eight days from the date of this order
10   to file any additional motions to compel against defendants Chin, Pappoe, Stevenson, Burl and
11   Don.
12             On August 4, 2009, the court ordered that plaintiff and defendant Rad could
13   conduct discovery upon each other until November 6, 2009.  Any motions to compel were due by
14   that date and all requests for discovery were to be served not later than sixty days prior to that
15   date.  Plaintiff is granted twenty-eight days from the date of this order to serve defendant Rad
16   with additional discovery requests.  Defendant Rad's responses to any discovery requests are due
17   twenty-one days thereafter.  Any motions to compel are due within sixty-three days from the date
18   of this order.
19             While the undersigned does not find sanctions warranted, the Attorney General's
20   Office should generally be advised that a  "notice of unavailability" is inappropriate in federal
21   cases.  The court sets the schedule for litigation, not counsel.[1]  For good cause shown in a
22   particular case, the court may grant an extension of time in which to comply with deadlines.
23   \\\\\

---

[1] Despite counsel's unavailability during September, on September 4, 2009, he filed an opposition to plaintiff's August 21, 2009, motion for sanctions.  On September 11, 2009, he filed an opposition to plaintiff's motion for appointment of counsel.  Apparently counsel was not entirely unavailable.

2

1   In his September 21, 2009, motion for extension of time, plaintiff alleges that he
2   requires additional time to conduct discovery based on counsel's improper notice, the complexity
3   of the case, his demanding school schedule, his involvement in other litigation and his realization
4   that he inadvertently failed to serve defendants with specific discovery requests.
5   Plaintiff has had adequate time to conduct discovery. The court has cured any
6   prejudice to plaintiff caused by defendants' improper notice by extending the discovery cut-off
7   dates, as discussed above. For these reasons, plaintiff's motion for an extension of time is
8   denied.
9   Accordingly, IT IS HEREBY ORDERED that:
10   1. Plaintiff's motion to stay (no. 31) is denied;
11   2. Plaintiff's motion for extension of time (no. 37) is denied;
12   3. Plaintiff is granted twenty-eight days from the date of this order to file any
13   additional motions to compel against defendants Chin, Pappoe, Stevenson, Burl and Don;
14   4. Plaintiff is granted twenty-eight days from the date of this order to serve
15   defendant Rad with additional discovery requests. Defendant Rad's responses to any discovery
16   requests are due twenty-one days thereafter. Any motions to compel are due within eighty-four
17   days from the date of this order;
18   5. No requests for extension of time regarding discovery will be granted to either
19   party;
20   6. The dispositive motion filing date of January 15, 2010, is vacated and reset for
21   April 30, 2010.
22   DATED: November 17, 2009

23   /s/ Gregory G. Hollows
24   UNITED STATES MAGISTRATE JUDGE
25
26   gort3069.eot

3