IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,

        Plaintiff,                     No. CIV S-08-3069 LKK GGH P

    vs.

TODD, et al.,

        Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Several matters are pending before the court.

        On September 21, 2009, plaintiff filed a motion to compel regarding discovery served on defendants Chin, Don, Pappoe, Rad and Stevenson. Plaintiff alleges that in August 2009, he sent counsel for defendants Chin, et al. a letter objecting to several discovery responses in an attempt to informally resolve a discovery dispute. Plaintiff alleges that in return, he received a letter stating that defense counsel was unavailable to litigate the action for the month of September.

        In the motion to compel, plaintiff does not identify any particular discovery responses he is objecting to. Rather, he generally objects to counsel's assertion that he was unavailable to attempt to informally resolve the discovery dispute during September.

\\\\\

On September 3, 2009, plaintiff filed a motion to stay discovery on grounds that defense counsel was unavailable during September.  On November 17, 2009, the court denied the motion to stay but granted plaintiff twenty-eight additional days to file any motions to compel against defendants Chin, et al.  Because the November 17, 2009, order resolved plaintiff's complaint regarding defense counsel's unavailability during September, the pending motion to compel was resolved by that order as well.

On November 6, 2009, defendants Chin, et al. filed a motion for summary judgment.  Defendants improperly noticed the motion for hearing.  On November 24, 2009, defendants filed an amended summary judgment motion which does not notice the motion for hearing.

On November 16, 2009, plaintiff filed a motion to vacate defendants' original summary judgment motion because it was improperly noticed for hearing.  This motion is denied because the motion is now properly filed.

On November 19, 2009, and November 20, 2009, plaintiff filed motions for extensions of time to file an opposition to the motion for summary judgment filed on behalf of defendants Chin, etc.  Good cause appearing, plaintiff is granted a twenty-eight day extension of time to file his opposition.

On November 19, 2009, defense counsel representing defendants Hawkins, et al. filed a motion for clarification of the November 17, 2009, order.  Defendants request that the court correct page 2, line 19-22 which suggests that the filing of a "notice of unavailability" was filed by counsel representing defendants Hawkins, et al.  Good cause appearing, the court clarifies that the notice of unavailability was not filed by Deputy Attorney General Pass who represents defendants Hawkins et al.

Counsel for defendants Hawkins et al. also requests that the court clarify whether the new dispositive motion filing date of April 30, 2010, set in the November 17, 2009, order applies to all parties.  The court clarifies that the new dispositive filing date applies to all parties.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's September 21, 2009, motion to compel (no. 36) is denied as resolved;

2. Plaintiff's motion to vacate (no. 44) is denied as unnecessary;

3. Plaintiff's motions for extension of time (no. 46 and 48) are granted; plaintiff is granted twenty-eight days from the date of this order to file an opposition to defendants' amended summary judgment motion;

4. The November 17, 2009, order is clarified as discussed above.

DATED: December 9, 2009

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:mp; gort3069.36