IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,

    Plaintiff,                  No. CIV S-08-3069 LKK GGH P

    vs.

TODD, et al.,

    Defendants.        <u>ORDER</u>

_____/

Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's motion to compel filed December 15, 2009. For the following reasons, plaintiff's motion to compel is granted in part and denied in part.

<u>Defendant Chin</u>

Interrogatory no. 8 asks,

> Suppose a person begins to exhibit the following symptoms: (3+ pitting edema bilaterally in the feet and legs; 3+ pitting edema up to the abdomen; 2+ pitting edema in the left arm and hand; shortness of breath, orthopnea and weakness; [lab results]–albumin (serum)–.2.0 UA [urinalysis] –3+ proteiunuria; microalbumin–2,311; microalbumin to creatinine ration–3,040.79). Considering these symptoms and in your professional opinion, how soon (days/weeks) should that person be referred to a Nephrologist for consult?

In essence, plaintiff is attempting to use defendant Chin as his own expert witness.

1

1  The Federal Rules of Civil Procedure distinguish between those persons who are designated,
2  testifying experts and those persons with expertise, not designated as testifying experts, who have
3  performed some act in the normal course of their job duties, or who have some training in the
4  issue at bar, pertinent to the facts of the litigation based on their expertise.  The former persons
5  must be designated as Rule 26 experts and must prepare a report setting forth their opinions and
6  the bases therefore.  See Torres v. City of Los Angeles, 548 F.3d 1197, 1212-1213 (9th Cir.
7  2008).  Other non-designated persons with expertise who performed an act based on that
8  expertise that has significance to the litigation may be asked what they did and why they did it,
9  and what they based the action upon, but the inquiry is limited to those past acts.  Moran
10 v.Pittsburgh-Des Moines Steel Co., 6 F.R.D. 594 (W.D. Pa. 1947).  Finally, even retained
11 experts, much less employees of the entity defendant, are immune from Rule 26 expert inquiry if
12 they have not been designated by a party to testify as an expert.  Mantolete v. Bolger, 96 F.R.D.
13 179, 181-182 (D. Ariz. 1982).

14         Take for example, the non-retained treating physician.  This person may be asked
15 about diagnoses of record and treatment performed; he may even be asked about a predictive
16 opinion recorded in the records; but he may not be asked to opine on expert matters in an abstract
17 or hypothetical sense. If this were not the rule, any party to a litigation could hijack in-house or
18 third party experts for free, and compel them to give the retained Rule 26 experts' testimony they
19 would otherwise have to pay for.  In the situation of a party's employee, a deposing counsel's
20 roaming about the entity seeking opinions for use in the litigation makes a bad situation even
21 worse.  There may well be attorney-client or work product problems that are encountered in
22 addition to the unfairness.  And, the fact that a witness has been improperly designated pursuant
23 to Rule 30(b)(6) to answer expert type questions does not make the questions any more
24 appropriate.

25         In the instant case, defendant Chin has not been designated as an expert.  Pursuant
26 to the discussion above, plaintiff is not permitted to ask defendant Chin hypothetical expert

questions. Plaintiff is permitted to ask defendant Chin questions regarding his treatment of plaintiff. Because interrogatory no. 8 does not concern defendant Chin's treatment of plaintiff, the motion to compel as to this interrogatory is denied.

Interrogatory no. 14 asks, "In your professional opinion, when examining a patient, what key factors (including blood and urinalysis tests) are used to determine the diagnosis of nephrotic syndrome?" This interrogatory is an improper hypothetical. Because it does not seek information regarding defendant Chin's treatment of plaintiff, the motion to compel as to interrogatory no. 14 is denied.

Interrogatory no. 19 asks, "In reference to the labs you ordered for your patient Charles R. Gorton, M/R # 1882127 and were drawn by U.C. Davis on 7/27/07: when those lab-results were completed, what date did U.C. Davis deliver the lab-test results to your office?" Defendant Chin responded, "I do not believe that the lab results were ever 'delivered' to my office." In response, plaintiff stated that even if the lab results were not "delivered" to defendant Chin, he wanted to know when they were made available for his review. Defendant responded that the interrogatory specifically asked when the results were "delivered," not "made available."

Defendant's objection that the lab results were not "delivered," but were apparently "made available," is semantic game playing. Within fourteen days of the date of this order, defendant shall inform plaintiff when these lab results were made available to him.

Interrogatory no. 24 asks,

> During your employment at U.C. Davis Medical Center, what is the average waiting time [in days] that a first time patient, who is suffering from nephrotic range symptoms must wait before receiving a follow up appointment, to review newly drawn lab-results with their nephrologist."

Defendant objected that this interrogatory was overbroad and an incomplete hypothetical. Defendant further stated that rapidity of appointment is a function, among other things, of acuity. In rebuttal to plaintiff's objection, defendant argued that responding to this interrogatory would require him to review all of the applicable previous patients that he and all

3

other nephrologists cared for during his employment at UC Davis Medical Center, which would be unduly burdensome. Plaintiff argues that he requires the information in order to demonstrate that non-prisoner patients are given preferential treatment.

The court agrees that plaintiff's request is overbroad. Plaintiff alleges, in part, that defendant Chin delayed treating him. Information regarding the average length of time to be seen by any physician at UC Davis Medical Center for all first time patients, prisoner or non-prisoner, suffering nephrotic symptoms is not relevant to whether defendant Rad acted with deliberate indifference to plaintiff's serious medical needs. The motion to compel as to this interrogatory is denied.

Plaintiff next moves to compel a further response to request for production of documents no. 5 which seeks a copy of defendant Chin's disciplinary and complaint record from UC Davis Medical Center. Defendant objected that the request was an invasion of his privacy and not reasonably calculated to lead to the discover of relevant evidence. In rebuttal, defendant stated that no such documents exists. The court cannot order defendant Chin to produce documents that do not exist. Accordingly, the motion to compel as to this request for production of documents is denied.

Defendant Don

Interrogatory no. 19 asks, "If a patient suffers from Membranous Nephropathy, in your professional opinion, what is the approximate percentage of patients who show no obvious signs of distress?"

Defendant Don has not been designated as an expert witness. For this reason, this interrogatory is an improper hypothetical. Because it does not seek information regarding defendant Don's treatment of plaintiff, the motion to compel as to interrogatory no. 19 is denied

Request for production of documents no. 5 seeks a copy of defendant's disciplinary and complaints record at U.C. Davis Medical Center. Defendant responds that no such documents exist. The court cannot order defendant to produce documents that do not exist.

Accordingly, the motion to compel as to request no. 5 is denied.

### Defendant Pappoe

Interrogatory no. 14 asks,

> During your time of employment at UC Davis Medical Center, what is the average waiting time [in days], a first time patient suffering from necrotic range symptoms must wait before receiving a follow up appointment in order to review newly drawn lab-results with their nephrologist?

This motion to compel as to this interrogatory is denied for the same reason the court denied the motion as to identical interrogatory no. 24 addressed to defendant Chin.

Request for production of documents no. 12 seeks a copy of defendant Pappoe's disciplinary and complaints record from UC Davis Medical Center. Defendant responds that no such documents exist. The court cannot order defendant to produce documents that do not exist. Accordingly, the motion to compel as to request no. 14 is denied.

### Defendant Stevenson

Interrogatory no. 2 asks,

> On 2/13/08, you reviewed and authorized the medical report which was authored by Fellow, Dr. Pappoe. This medical report was for a nephrology appointment you had with your patient, Charles R. Gorton, M/R # 1882127, on 12/05/07. What was the date this report was sent to Mule Creek State Prison?

Defendant responded to this interrogatory as follows:

> I did not have an appointment with Mr. Gorton on December 5, 2008. I did co-sign Dr. Pappoe's note concerning the contact on that date. I have no idea when the note was forwarded to Mule Creek State Prison.

Plaintiff objected that as a manager, defendant has full access to department records. In rebuttal, defendant stated that plaintiff's speculation that he did not make a reasonable effort to locate the information is not supported by any facts.

It is unclear how difficult it would be to determine when the at-issue report was sent to Mule Creek State Prison. If the information is computerized, for example, it may be easily accessible. Within fourteen days of the date of this order, defendant shall file a short

statement describing what reasonable effort he made to obtain the information sought in this interrogatory.

Interrogatory no. 6 asks,

(3+ pitting edema bilaterally in the feet and legs; 3+ pitting edema up to the abdomen; 2+ pitting edema in the left arm and hand; shortness of breath, orthopnea and weakness; [lab results]–albumin (serum)–.2.0 UA [urinalysis] –3+ proteiunuria; microalbumin–2,311; microalbumin to creatinine ration–3,040.79). Considering these symptoms and in your professional opinion, how soon (days/weeks) should that person be referred to a Nephrologist for consult?

Defendant Stevenson has not been designated as an expert witness. For this reason, this interrogatory is an improper hypothetical. Because it does not seek information regarding defendant Stevenson's treatment of plaintiff, the motion to compel as to interrogatory no. 6 is denied.

Request for production of documents no. 2 seeks a copy of defendant Stevenson's disciplinary and complaint record from UC. Davis Medical Center. Defendant responded that no such documents exist. The court cannot order defendant to produce documents that do not exist. Accordingly, the motion to compel as to this request is denied.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion to compel (no. 58) is granted as to interrogatory no. 19 addressed to defendant Chin; within fourteen days, defendants shall provide a further response; within fourteen days defendants are also ordered to provide additional information, as discussed above, regarding interrogatory no. 2 addressed to defendant Stevenson; the motion to compel is denied in all other respects.

DATED: January 14, 2010                    /s/ Gregory G. Hollows

                                                UNITED STATES MAGISTRATE JUDGE

gor3069.com