IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,

        Plaintiff,                    No. CIV S-08-3069 LKK GGH P

   vs.

TODD, et al.,

        Defendants.            ORDER

                                /

        Plaintiff, a prisoner proceeding pro se, claims that defendant doctors at the University of California Davis Medical Center were deliberately indifferent to his serious medical needs. On November 24, 2009, these defendants moved for summary judgment.[1] They argued, inter alia, that to succeed on a claim for deliberate indifference, plaintiff must provide expert testimony. MP&A Summary Judgment, ECF No. 49-1, at 13. On December 15, 2010 and December 18, 2010, plaintiff filed three motions for a court appointed expert witness. Motions, ECF Nos. 53, 56, 61. Plaintiff also argued in his opposition to the summary judgment motion that he needed the court to appoint an expert witness on his behalf so that he could meaningfully oppose the summary judgment motion. Opposition, ECF No. 63, at 1-2. On January 21, 2010, the magistrate

---

[1] The defendants from Mule Creek Prison have also moved for summary judgment, but briefing on this motion is not yet complete.

1

1  judge denied the motions, concluding that, "At this time appointment of a medical expert is not
2  warranted." Order, ECF No. 69, at 2. On June 8, 2010, the magistrate judge issued findings and
3  recommendations that the court grant the motion because, inter alia, "[I]n cases involving
4  complex medical issues where plaintiff contests the type of treatment he received, expert opinion
5  will almost always be necessary to establish the necessary level of deliberate indifference."
6  Findings and Recommendations, ECF No. 75, at 11 (citing Hutchinson v. United States, 838
7  F.2d 390 (9th Cir. 1988)). On June 24, 2010, plaintiff filed objections to the findings and
8  recommendations again raising the issue of the claimed necessity of appointment of an expert
9  witness.

10        The Ninth Circuit has held that district courts may appoint expert witnesses for a pro se
11 prisoner bringing a civil rights complaint against prison officials and to "apportion all cost [of the
12 expert] to one side," namely the prison officials. McKinney v. Anderson, 924 F.2d 1500, 1511
13 (9th Cir. 1991) affirmed on other grounds Helling v. McKinney, 509 U.S. 25 (1993). In this case,
14 the Court of Appeals then recommended that the district court appoint an expert "[c]onsidering
15 the complexity of the scientific evidence in the present case." Id.

16        The apparent inability of an indigent prisoner to ever successfully litigate cases such as
17 the instant case seems to implicate serious constitutional rights. For this reason, the court will
18 request supplemental briefing from the parties on this question. The United States Supreme
19 Court has ruled that district courts lack authority to require counsel to represent indigent
20 prisoners in Section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, (1989). In
21 certain exceptional circumstances, however, the court may request the voluntary assistance of
22 counsel pursuant to 28 U.S.C. § 1915(e)(1). Terrell v. Brewer, 935 F.2d 1015 (9th Cir. 1990);
23 Wood v. Housewright, 900 F.2d 1332 (9th Cir. 1990). Given the legal complexity and the broad
24 significance of this issue, the court has determined that this case may be appropriate for the
25 limited appointment of counsel as to the question of whether the denial of plaintiff's request for
26

an expert witness offends his constitutional rights.[2] Therefore, this court will refer this case to the King Hall Civil Rights Clinic for review. Plaintiff is cautioned while the case is under review, he has responsibility to continue to prosecute his action. The court is not staying the litigation pending the review; rather the review and continued processing of this case will take place at the same time. No scheduled dates in this litigation have been vacated. Also, it may ultimately turn out that volunteer counsel may not be procurable for plaintiff's case.

Accordingly, IT IS HEREBY ORDERED that:

1. The Clerk of Court shall serve this order upon Carter Capps White, King Hall Civil Rights Clinic, UC Davis School of Law, One Shields Avenue, Bldg. TB 30, Davis, CA 95616;

2. The King Hall Civil Rights Clinic should inform the court within thirty (30) days of the issuance of this order as to whether it will accept limited representation of plaintiff; and

3. Upon notice from the King Hall Civil Rights Clinic, the court will set a briefing schedule for the issue described above.

IT IS SO ORDERED.

DATED: August 10, 2010.

/s/ Lawrence K. Karlton
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

---

[2] The court will invite the parties to consider whether experts should be appointed as a matter of course when these cases are brought as well as under what conditions, if any, must a district court grant such a request for appointment in accordance with the Constitution. Further, the court will request briefing as to the anticipated scope of medical testimony necessary, if any, and the administrative and financial burdens appointment of expert witnesses in cases like these may pose.