1

2

3

4

5

6

7                    UNITED STATES DISTRICT COURT

8                FOR THE EASTERN DISTRICT OF CALIFORNIA

9

CHARLES ROBERT GORTON,

10          Plaintiff,

11                                      NO. CIV. S-08-3069 LKK/GGH P
        v.

12

TODD, et al.,                              O R D E R

13

            Defendants.

14 _____/

15      The court is in receipt of Defendants' Bill of Costs, totaling

16 $9,145.54.  Defs' Bill of Costs, ECF No. 231.  Plaintiff objects,

17 asserting that he is indigent and that taxing costs again him would

18 be inequitable.  Pl's Obj., ECF No. 232.  For the reasons provided

19 herein, the court declines to award costs to Defendants.

20      This  case  arose  from  the  medical  treatment  of  Plaintiff

21 Charles  Robert  Gorton,  a  state  prisoner,  by  Defendants  Robert

22 Hawkins and Sahir Naseer, physicians for the California Department

23 of  Corrections  and  Rehabilitation  ("CDCR").   Plaintiff  brought

24 claims  against  Defendants  for  their  delays  in  treatment  of  his

25 kidney  disorder,  arguing  that  such  delays  constituted  medical

26 malpractice and violated his rights under the Eighth Amendment.

                                  1

1  Following trial, the jury found in favor of Defendants on all
2  claims.

3      Federal Rule of Civil Procedure 54(d) governs the taxation of
4  costs to the prevailing party in a civil matter.[1]  Pursuant to
5  Federal Rule of Civil Procedure 54(d)(1), unless a court order
6  provides otherwise, costs (other than attorney's fees) "should be
7  allowed to the prevailing party."  This rule creates a presumption
8  that costs will be taxed against the losing party.  Ass'n of
9  Mexican-American Educators v. California, 231 F.3d 572, 591-93 (9th
10 Cir. 2000) (en banc).  However, if the losing party shows why costs
11 should not be awarded, the rule "vests in the district court
12 discretion to refuse to award costs."  Id., at 591; Save Our Valley
13 v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("the losing
14 party must show why costs should not be awarded").  If the court
15 declines to award costs, it must state its reasons, giving the
16 reviewing court an opportunity to determine if that discretion was
17 abused.  Save Our Valley, 335 F.3d at 945.

18     In considering Plaintiff's request that costs be denied, this
19 court considers: the losing party's limited financial resources;
20 the chilling effect of imposing such high costs on future civil
21 rights litigants; whether the issues in the case are close and
22 difficult; and whether Plaintiff's case, although unsuccessful, had
23 some merit.  Ass'n of Mexican-American Educators, 231 F.3d at 592-
24 93.

25 _____

26      [1]  In the Eastern District of California, this rule is
   implemented by Local Rule 292.  E.D. Cal. R. 292 (2013).

2

1    It appears undisputed that Plaintiff, a state prisoner, is

2  indigent.  At the initiation of this lawsuit, Plaintiff filed an

3  application to proceed in forma pauperis, in which he attested that

4  he was paid $0.10 per hour and that he had no other assets aside

5  from $450.00 held in an account at Altura Credit Union.  Pl's

6  Application, ECF No. 2.  Plaintiff has recently reiterated that he

7  is indigent, in response to Defendants' submitted bill of costs.

8  See Pl's Obj., ECF No. 232, at 1.  The court finds that taxing

9  Plaintiff $9,145.54 in costs would chill future civil rights

10  litigants, especially those of modest means.

11    The court further finds that the issues in this case were

12  close, and that Plaintiff's case had some merit, notwithstanding

13  the jury verdict against him.  This court denied Defendants' motion

14  for summary judgment, in part, because each party proffered the

15  testimony of experts, who had reached contrary conclusions as to

16  whether the actions of Defendants Hawkins and Naseer fell within

17  the applicable standards of care.  Because the jury's finding

18  turned, in large part, upon the weight given to each expert's

19  testimony, the issues presented in this case were close and

20  difficult.

21    Accordingly, the court exercises its discretion to decline to

22  tax costs in favor of Defendants in this case.

23    IT IS SO ORDERED.

24    DATED:  April 12, 2013.

25
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
26                            UNITED STATES DISTRICT COURT

                                  3