UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHARLES ROBERT GORTON,

       Plaintiff,

    v.

TODD, et al.,

       Defendants.

_____/

NO. CIV. S-08-3069 LKK/GGH P

O R D E R

    The court is in receipt of Defendants' Bill of Costs, totaling $9,145.54.  Defs' Bill of Costs, ECF No. 231.  Plaintiff objects, asserting that he is indigent and that taxing costs again him would be inequitable.  Pl's Obj., ECF No. 232.  For the reasons provided herein, the court declines to award costs to Defendants.

    This case arose from the medical treatment of Plaintiff Charles Robert Gorton, a state prisoner, by Defendants Robert Hawkins and Sahir Naseer, physicians for the California Department of Corrections and Rehabilitation ("CDCR").  Plaintiff brought claims against Defendants for their delays in treatment of his kidney disorder, arguing that such delays constituted medical malpractice and violated his rights under the Eighth Amendment.

1

1   Following trial, the jury found in favor of Defendants on all
2   claims.

3        Federal Rule of Civil Procedure 54(d) governs the taxation of
4   costs to the prevailing party in a civil matter.[1]  Pursuant to
5   Federal Rule of Civil Procedure 54(d)(1), unless a court order
6   provides otherwise, costs (other than attorney's fees) "should be
7   allowed to the prevailing party."  This rule creates a presumption
8   that costs will be taxed against the losing party.  Ass'n of
9   Mexican-American Educators v. California, 231 F.3d 572, 591-93 (9th
10  Cir. 2000) (en banc).  However, if the losing party shows why costs
11  should not be awarded, the rule "vests in the district court
12  discretion to refuse to award costs."  Id., at 591; Save Our Valley
13  v. Sound Transit, 335 F.3d 932, 945 (9th Cir. 2003) ("the losing
14  party must show why costs should not be awarded").  If the court
15  declines to award costs, it must state its reasons, giving the
16  reviewing court an opportunity to determine if that discretion was
17  abused.  Save Our Valley, 335 F.3d at 945.

18       In considering Plaintiff's request that costs be denied, this
19  court considers: the losing party's limited financial resources;
20  the chilling effect of imposing such high costs on future civil
21  rights litigants; whether the issues in the case are close and
22  difficult; and whether Plaintiff's case, although unsuccessful, had
23  some merit.  Ass'n of Mexican-American Educators, 231 F.3d at 592-
24  93.

25  _____

26       [1] In the Eastern District of California, this rule is
    implemented by Local Rule 292.  E.D. Cal. R. 292 (2013).

1    It appears undisputed that Plaintiff, a state prisoner, is

2 indigent.  At the initiation of this lawsuit, Plaintiff filed an

3 application to proceed in forma pauperis, in which he attested that

4 he was paid $0.10 per hour and that he had no other assets aside

5 from $450.00 held in an account at Altura Credit Union.  Pl's

6 Application, ECF No. 2.  Plaintiff has recently reiterated that he

7 is indigent, in response to Defendants' submitted bill of costs.

8 See Pl's Obj., ECF No. 232, at 1.  The court finds that taxing

9 Plaintiff $9,145.54 in costs would chill future civil rights

10 litigants, especially those of modest means.

11    The court further finds that the issues in this case were

12 close, and that Plaintiff's case had some merit, notwithstanding

13 the jury verdict against him.  This court denied Defendants' motion

14 for summary judgment, in part, because each party proffered the

15 testimony of experts, who had reached contrary conclusions as to

16 whether the actions of Defendants Hawkins and Naseer fell within

17 the applicable standards of care.  Because the jury's finding

18 turned, in large part, upon the weight given to each expert's

19 testimony, the issues presented in this case were close and

20 difficult.

21    Accordingly, the court exercises its discretion to decline to

22 tax costs in favor of Defendants in this case.

23    IT IS SO ORDERED.

24    DATED:  April 12, 2013.

25

26                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT

3